PER CURIAM:
Claimant seeks payment of $10,100.00 allegedly due under a contract with respondent for the rental of six tractors, four equipped with hydroclippers and two with brush hogs. Claimant alleges that the contract was for a three-month period, while respondent alleges that the contract was for rental on a monthly basis. Respondent had possession of the equipment for two months and has paid for that period of time. This claim is for the third month’s rental.
When respondent discovered that it needed the equipment in question, Raymond Tabor, Assistant Superintendent of the Equipment Division, District 1, sought bids from three dealers on June 6, 1980. Mr. Tabor requested the equipment for three months. Claimant was high bidder; however, one dealer did not have the proper equipment and the other withdrew its bid. Claimant was informed on or about June 13, 1980, that its bid had been accepted. At that time, Edward M. Rowan, President of Interstate Equipment Sales Inc., took the tractors and brush hogs off the market, as reflected by its inventory sheets, and placed an order for the hydroclippers with Ford Motor *27 Co. Due to delay on respondent’s part, claimant did not receive a purchase order for the equipment until July 29, 1980. Claimant had the machinery ready for respondent on August 2, 1980, and respondent took possession shortly thereafter, returning the equipment two months later.
Claimant’s price quotation and respondent’s purchase order state a rental price per month per unit as well as a rental price for three months per unit. The purchase order, however, lists a specific rental period of July 1, 1980 through September 30, 1980. Mr. Tabor testified that he never told Mr. Rowan that respondent would use the equipment for only two months.
The price quotation and the purchase order indicate that the parties intended a three-month rental of the equipment in question. The quotation did not specify a time period, and Mr. Rowan testified that it did not matter which three months respondent used the equipment. Respondent specified the time period, but its own delay resulted in its having possession for only two months. Mr. Rowan bid on the basis of a three-month rental and stated it would not be economically possible to rent the equipment for a lesser period of time: Claimant had the equipment available to respondent for a third month’s use and has lost this rent due to respondent’s delay. The Court, therefore, is of the opinion and does grant an award of $10,100.00 to claimant.
Award of $10,100.00.